No. 2153.—B. C. ERNST et al. *v.* MARY MONTIGUDO, Appellant.

Plaintiff acquired title to a tract of land in the parish of East Feliciana, in 1849, and occupied it until 1862, when he left it in consequence of the operations of the war. In 1866 defendant entered upon it. In 1867 plaintiff brought a petitory action for the land and to recover rents, etc. Defendant in possession set up title founded on a Spanish grant, and a probate sale made in 1831, of a tract of land of seven hundred and twenty acres, alleging that the tract in controversy was included within that tract. The evidence shows that plaintiff proposed to buy defendant's claim, and that defendant refused to sell, but notified plaintiff that suit would be brought for the land. Suit never was brought. Under this state of facts it was held by the Court, that defendant, not having shown a better title than plaintiff, that the proposition to buy defendant's claim never having been accepted, nor any suit brought as threatened, was not a recognition of the claim, and that plaintiff must recover.

APPEAL from the Fifth District Court of the parish of East Feliciana, *Posey*, J. *McVea & Kilbourn*, for Plaintiff and Appellee. *McVea & Hunter*, for Defendant and Appellant.

HOWELL, J. This is a petitory action to recover certain lands and their revenues, to which the defendant pleaded the general issue.

It is shown that F. C. Ernst, through whom plaintiffs claim, bought a tract of forty acres, described in the act of sale, from J. J. Freeman, on 2d July, 1845, and an adjoining tract of thirty acres from S. H. Cole on 11th February, 1847, which constitute the property in controversy; that said Ernst moved on the land with his family in 1849, and occupied it without interruption until his death in 1855 ; that his family remained there until December, 1862, when they were compelled to leave because of the fortifications erected by the Confederate forces around Port Hudson, and the operations of the war, by which all the buildings, fences and other improvements were destroyed; that in January, 1866, the defendant went upon the land, put up buildings, which she, as a witness, estimates at $1500 or $1600, and has since held possession. In her testimony, she says that, in 1850 and subsequently, F. C. Ernst offered to buy her claim, which she refused to sell, and notified him

22

that she intended to sue for the land; that her said claim rested on a Spanish grant and a probate sale made on the 29th November, 1831, by John Reid, executor of Sarah Rowell, to D. J. Green (first husband of defendant) and R. W. Walker, of a tract of seven hundred and twenty arpents, which, she says, includes the land in dispute, and that she derived her title from her said husband, who left a son now living. This act of sale is in evidence, and it shows that the succession of Sarah Rowell " does not warrant the title of two hundred and ninety-eight acres of the aforesaid tract of land, sold by the sheriff for taxes."

To rebut the effect of this evidence, the plaintiffs introduced the record of the suit of D. J. Green v. His Creditors, instituted in August, 1839, from the proofs of which before us, it does not appear that the insolvent proceedings are yet closed.

We agree with the District Judge, that the title of the plaintiffs is not invalidated by the evidence for the defense. The proposition of F. C. Ernst to purchase the *claim* of defendant, stated as vaguely as it is, does not admit the reality of the claim, particularly as the defendant never instituted any legal proceedings to recover, as threatened. Her claim seems to be stale and without real foundation in law.

There are several bills of exceptions in the record, but as we have not been called on to do so, we will not pass upon them.

Judgment affirmed.